UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21303-BLOOM/Louis

ARLINE MOREIRAS,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Scottsdale Insurance Company's ("Defendant") Motion to Dismiss and Motion to Strike References to Chapter 627, ECF No. [5] ("Motion"), filed on April 2, 2020. Plaintiff Arline Moreiras ("Plaintiff") has not filed a response to the Motion. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff originally filed the instant breach of contract action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-1] at 5-8 ("Complaint"). On or about September 10, 2017, Plaintiff suffered a property loss due to a hurricane, that was covered under an insurance policy issued by Defendant. *Id.* at 6, ¶ 7. On March 26, 2020, Defendant removed this action to federal court. ECF No. [1].

In the Motion, Defendant seeks dismissal of the instant action for Plaintiff's failure to join Julio Moreiras, a named policyholder, as he is an indispensable party. Further, Defendant's Motion

seeks to strike Plaintiff's request for attorney's fees because the provisions of Chapter 627 of the Florida Statutes do not apply to surplus lines insurers like Defendant. To date, Plaintiff has failed to respond to Defendant's Motion.

## II. LEGAL STANDARD

Dismissal of an action pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join a party under Rule 19, is a "two-step inquiry." *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003); *N.H. Ins. Co. v. Cincinnati Ins. Co.*, No. 14-0099-CG-N, 2014 WL 3428911, at *2 (S.D. Ala. July 15, 2014).

"First, a court must decide whether an absent party is required in the case under Rule 19(a)." *Int'l Imps., Inc. v. Int'l Spirits & Wines, LLC*, No. 10-61856-CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011) (citing *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). If a court determines that an absent party does satisfy the Rule 19(a) criteria, i.e., that the party is a required party, the court must order that party joined if its joinder is feasible. *See* Fed. R. Civ. P. 19(a)(2); *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 842 F. Supp. 2d 1360, 1365-66 (N.D. Ga. 2012). If the absent party is not required, the litigation continues as is. *See, e.g.*, *Developers Sur. & Indem. Co. v. Harding Vill., Ltd.*, No. 06-21267-CIV, 2007 WL 465519, at *2 (S.D. Fla. Feb. 9, 2007). "A party is not necessary simply because joinder would be convenient, or because two claims share common facts." *S. Co. Energy Mktg., L.P. v. Va. Elec. & Power Co.*, 190 F.R.D. 182, 185 (E.D. Va. 1999); *see also Innotex Precision Ltd. v. Horei Image Prods., Inc.*, 679 F. Supp. 2d 1356, 1362 (N.D. Ga. 2009) ("the inconsistent obligations test is not met when monetary relief is at issue" (citations omitted)); *Kenko Int'l, Inc. v. Asolo S.r.l.*, 838 F. Supp. 503, 506 (D. Colo. 1993) (requiring "legally protected interest, and not merely a financial interest or interest of convenience"). Rather, an absent party is considered necessary (i) if, in its

absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action. Fed. R. Civ. P. 19(a)(1); *see also City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (Per Rule 19(a), the first question is "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations.").

Second, if the absent party's joinder is not feasible — i.e., joinder would defeat the court's subject-matter jurisdiction, the absent party is not subject to the court's personal jurisdiction, or the absent party properly objects to the venue of the action — the court must consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) ("[T]he court must [first] ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue."). "Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party." *Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473-CIV, 2009 WL 2450386, at *2 (S.D. Fla. Aug. 7, 2009) (citing *Focus on the Family*, 344 F.3d at 1280; *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999)).

Rule 19(b) enumerates a list of the most significant factors considered in determining whether joinder of an absent party is indispensable, which includes "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder" of the absentee. Fed. R. Civ. P. 19(b). Those factors "must be reviewed in light of pragmatic concerns, especially the effect on the parties and the litigation." *Sierra Club v. Leathers*, 754 F.2d 952, 954 (11th Cir. 1985) (citations omitted). Finally, Rule 19(a)(3) provides that "[i]f a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party." Fed. R. Civ. P. 19(a)(3).

Additionally, Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotations and citation omitted); *see also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same). Irrespective of the Court's broad discretion, the ability to strike is considered to be drastic, and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962));[1] *Fabing v.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

*Lakeland Regional Medical Center, Inc.*, No. 8:12-cv-2624-T-33MAP, 2013 WL 593842, at *2 n.2 (M.D. Fla. Feb. 15, 2013) (calling Rule 12(f) a "draconian sanction").

## III. DISCUSSION

Defendant's Motion seeks dismissal on the basis that Plaintiff has failed to join Julio Moreiras, the other policyholder, as a party to this action. Defendant argues that he is an indispensable party under Rule 19. Defendant also requests that the request for attorney's fees pursuant to Chapter 627 in Plaintiff's Complaint, ECF No. [1-1] at 5-8, be stricken because Chapter 627 of the Florida Statutes does not apply to surplus lines insurers such as Defendant.

As an initial matter, Plaintiff's response to the Motion was originally due on April 16, 2020. After failing to respond by that deadline, the Court ordered Plaintiff to file a response to the Motion by no later than April 24, 2020. ECF No. [13]. The Court advised Plaintiff that, pursuant to Local Rule 7.1(c), the failure to respond "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). To date, the record reflects that Plaintiff has failed to respond to the Motion. This alone is sufficient reason to grant Defendant's Motion by default. Nonetheless, the Court will briefly review the merits of the Motion before granting the Motion by default.

In its Motion, Defendant argues that any adjudication on the merits in this case "will necessarily affect the rights and interests of Julio Moreiras and create an incomplete adjudication of the issues." ECF No. [5] at 3. Defendant attaches the subject insurance policy that reflects the named insured as "Julio and Arline Moreiras." See ECF No. [5-1]. Further, although Defendant "requests that this Honorable Court dismiss this action until such time as the indispensable party, Julio [Moreiras,], is joined to this action," *id.* at 2, it also notes that "there is no evidence that it would not be feasible to join Julio Moreiras to this lawsuit," *id.* at 3.

The Court agrees with Defendant that Julio Moreiras is an indispensable party who should be joined if feasible because he is a named policyholder alongside Plaintiff. However, because Defendant acknowledges that there is no evidence here that joinder would be infeasible, and because Plaintiff has filed to timely respond, the Court concludes that dismissal of the action is inappropriate at this juncture. *See* Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party."); *see also Rodriguez v. GeoVera Speciality Ins. Co.*, No. 18-cv-23585, 2018 WL 10435015, at *2 (S.D. Fla. Sept. 25, 2018) (citing *Davis v. Raymond*, No. 12-22578-CIV, 2013 WL 2047424, at *4 (S.D. Fla. May 14, 2013) ("In this case, [Defendant] has not argued that Hodge cannot be made a party or that joinder is not feasible. Since joinder of Hodge is thus presumably feasible, [Defendant] cannot seek dismissal of [the] complaint under Rule 12(b)(7) . . . . Rather, [Defendant] may at most request that the Court order Davis to join Hodge as a necessary party under Rule 19(a)(2)."); *EuroSillas, C.A. v. Citigroup, Inc.*, No. 11-23103-CIV, 2012 WL 253227, at *2 (S.D. Fla. Jan. 26, 2012) (finding dismissal of the action "inappropriate" for failure to join where indispensable party could be joined to the case); *Intersport, Inc. v. T-Town Tickets LLC*, 896 F. Supp. 2d 1106, 1115 (N.D. Ala. 2012) (denying motion to dismiss for failure to join where movant failed to demonstrate that indispensable party could not be joined to the action); *Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473-CIV, 2009 WL 2450386, at *2 (S.D. Fla. Aug. 7, 2009) ("dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party."); *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2d Cir. 2000) (holding that dismissal for failure to join an indispensable party is appropriate where the party "cannot be made a party")). Therefore, rather than dismissing this case, the Court will order that Plaintiff join Julio Moreiras as a party to this action by May 6, 2020. *See Rodriguez*, 2018 WL 10435015, at *2.

Additionally, Defendant moves to strike Plaintiff's request for attorney's fees in the Complaint because it is a surplus lines carrier and Chapter 627 does not apply to surplus lines insurance carriers. Therefore, Defendant contends that there is no support for Plaintiff's demand for attorney's fees under § 627.428.

> However, the Florida Supreme Court has indicated that fees may be available if the plaintiff obtains a judgment or decree against defendant in this matter, even though defendant may be a surplus lines carrier. *See Essex Ins. Co. v. Zota*, 985 So. 2d 1036, 1051 (Fla. 2008) ("Therefore, Essex is incorrect in the assertion that none of the statutory provisions of chapter 627 apply to surplus-lines insurance . . . . When applied here, this holding mandates that both section 627.421 and section 627.428 apply to surplus-lines insurance because neither of those statutory sections appears in part I of chapter 627; rather 627.421 and 627.428 appear in part II of that chapter."). Moreover, the Court finds that the motion to strike is "little more than a disguised motion for summary judgment.*" Gyenis v. Scottsdale Ins. Co.*, No. 8:12-cv-805-T-33AEP, 2013 WL 3013618, at *2 (M.D. Fla. June 14, 2013). In essence, Defendant argues that Chapter 627, in its entirety, does not apply to it. The Court finds that this issue is better raised once the factual record has been developed. If the Parties are not able to internally resolve their differences regarding application of the relevant Florida Statutes, the parties should raise this issue at the summary judgment stage. *See Gyenis*, 2013 WL 3013618, at *2.

*San Rocco Inv. Corp. v. Scottsdale Ins. Co.*, No. 15-22646-CIV, 2016 WL 10592365, at *1 (S.D. Fla. Mar. 14, 2016) (footnote omitted).[2] Here, Plaintiff's Complaint includes a request for attorney's fees under § 627.428 and under § 626.9373. ECF No. [1-1] at 7, ¶¶ 18-19. Further, Defendant's request to strike is one better resolved at the summary judgment stage. As such, the Court declines to employ the drastic and disfavored remedy of striking the challenged allegations of Plaintiff's Complaint at this stage.

---

[2] *But see Rodriguez v. Geovera Specialty Ins. Co.*, No. 18-cv-23585, 2019 WL 7930011, at *3 (S.D. Fla. Mar. 12, 2019) ("The Court agrees with Defendant that Plaintiff's assertions as to attorney's fees under § 627 do not apply to it as a surplus lines insurance carrier. *See* Fla. Stat. § 626.913. . . . Accordingly, . . . the Court will strike these specific references in Plaintiff's amended complaint. However, Plaintiff's amended complaint contains numerous references to other Florida Statutes and asserts a claim for attorney's fees under 'other applicable Florida law.' D.E. 9 at 5. Accordingly, the Court will not fully strike Plaintiff's request for attorney's fees. *See Caufield v. Cantele*, 837 So. 2d 371, 379-80 (Fla. 2002) ('We also hold that the contractual or statutory basis for the attorney fee need not be specifically pled and failure to so plead does not result in a waiver of the claim.').").

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [5]**, is **GRANTED in part and DENIED in part**.

2. Plaintiff is ordered to **JOIN** Julio Moreiras as a party to this action. Plaintiff shall file an Amended Complaint **by no later than May 6, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 29, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record