UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21303-BLOOM/Louis

ARLINE MOREIRAS,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Arline Moreiras' ("Plaintiff") Motion for Relief from Judgment, ECF No. [17] ("Motion"), filed on July 31, 2020. Defendant Scottsdale Insurance Company ("Defendant") filed its Response in Opposition, ECF No. [18] ("Response"), on August 11, 2020, to which Plaintiff replied on August 18, 2020, ECF No. [20] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, Plaintiff's Motion is denied.

### I. BACKGROUND

Plaintiff originally filed the instant breach of contract action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-1] at 5-8 ("Complaint"). On or about September 10, 2017, Plaintiff suffered a property loss due to a hurricane, that was covered under an insurance policy issued by Defendant. *Id.* at 6, ¶ 7. On March 26, 2020, Defendant removed this action to federal court. ECF No. [1].

Defendant filed a motion to dismiss on April 2, 2020, for Plaintiff's failure to join Julio

Moreiras, a named policyholder, as a party to the lawsuit although he was an indispensable party. ECF No. [5]. The deadline for Plaintiff to respond to the motion to dismiss was April 16, 2020, yet Plaintiff failed to timely respond to Defendant's motion. On April 17, 2020, the Court issued an Order Requiring Response to Motion, which ordered Plaintiff's response to the motion to dismiss by no later than April 24, 2020. ECF No. [13]. The Court's Order explicitly cautioned that, "[i]f Plaintiff fails to file any response, the Court shall consider the merits of the Motion without the benefit of a response or responses, and such failure may be deemed sufficient cause to grant the motion by default." *Id.* When Plaintiff yet again failed to timely respond to the motion to dismiss, the Court addressed the merits and ultimately granted in part and denied in part Defendant's motion and ordered Plaintiff to file an amended complaint joining Julio Moreiras as a party to the action by no later than May 6, 2020. ECF No. [15] at 8. Plaintiff failed to timely comply with the Court's Order to file an amended complaint, and this Court therefore dismissed the instant action on May 7, 2020. ECF No. [16].

Plaintiff now files the instant Motion almost three months after this Court's Order dismissing the case, requesting relief from judgment under Federal Rule of Civil Procedure 60(b)(1) because her failure to respond to the motion to dismiss resulted from excusable neglect due to counsel's calendaring error. Defendant opposes the Motion, arguing that Plaintiff has not justified her failure to comply with three separate court deadlines and that the three-month delay cannot constitute excusable neglect sufficient to warrant relief from judgment.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(1) states that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. P. 60(b)(1). The Court of Appeals for the Eleventh Circuit has stated that to establish

grounds for relief under Rule 60(b)(1) "a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 743 (11th Cir. 2017) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). Because "the determination of what constitutes excusable neglect is an equitable one, taking into account the totality of the circumstances surrounding the party's omission," courts also consider the four factors set out by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 743-44 (quoting *Pioneer*, 507 U.S. 380, 395 (1993)); *see also Sream, Inc. v. Ecstasy Fashion II, Inc.*, No. 18-cv-61216, 2018 WL 10374693, at *1 (S.D. Fla. Sept. 19, 2018).

**III. DISCUSSION**

In the instant Motion, Plaintiff requests relief from judgment based upon excusable neglect because her counsel's office "inadvertently failed to calendar the deadline to respond to Defendant's Motion to Dismiss." ECF No. [17] at 1. Remarkably, however, Plaintiff seemingly ignores the fact that counsel failed to comply with *three* deadlines, not one. Moreover, the Motion is entirely devoid of any explanation or citation to legal authority to support Plaintiff's position that missing three separate court deadlines, only one of which apparently resulted from a calendaring error, and then waiting an additional three months to correct the error, constitutes excusable neglect such that relief from judgment is warranted.

"[T]he determination of excusable neglect 'is at bottom an equitable one, taking account

3

of all relevant circumstances surrounding the party's omission.'" *Blake v. Enhanced Recovery Co., LLC*, No. 3:10-cv-1178-J-37JBT, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011) (quoting *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999)). In the instant case, upon considering all relevant circumstances and equities, the Court does not find Plaintiff's stated reasons for failing to comply with *three* of the Court's orders excusable simply due to counsel's failure to properly calendar the deadline to respond to Defendant's motion to dismiss.

Critically, "the inadvertent failure to calendar the motion to dismiss deadline was not excusable neglect." *Zabala v. Integon Nat'l Ins. Co.*, No. 20-20751-CIV, 2020 WL 2129584, at *1 (S.D. Fla. May 5, 2020) (citing *Sream, Inc.*, 2018 WL 10374693, at *2 (denying motion for relief from judgment where plaintiffs "provided no other reason to the Court [for failing to meet deadlines] apart from their system's failure to properly calendar the requisite deadlines"); *Melgar v. M.I. Quality Lawn Maint., Inc.*, No. 09-cv-22243, 2010 WL 11553187, at *2 (S.D. Fla. Dec. 8, 2010) (denying motion for relief from judgment where plaintiffs claimed that "failure to respond [to motion to dismiss] resulted from a calendaring error")); *see also Zurich Am. Ins. Co. v. European Tile & Floors, Inc.*, No. 8:16-cv-729-T-33AAS, 2017 WL 638640, at *3 (M.D. Fla. Feb. 16, 2017) ("overlooking deadlines . . . [is] within the movant's control and do[es] not constitute excusable neglect"). Instead, "[t]his case involves . . . a clear record of repeated willful delay in the face of at multiple notices, one of which contained an express warning of dismissal from this Court." *Zabala*, 2020 WL 2129584, at *1 (citation omitted) (denying a finding of excusable neglect where the plaintiff moved for a third opportunity to oppose the motion to dismiss after missing two prior deadlines on the basis that "counsel inadvertently failed [to] calendar the deadline"). Moreover, "[t]he fact that this error may have been committed by a paralegal does not excuse it."

*Blake*, 2011 WL 3625594, at *2 n.3.

Further aggravating Plaintiff's failure to comply with numerous court orders is the fact that Plaintiff makes no attempt at justifying the three-month delay in moving to correct the alleged calendaring error. *See Wilcox v. Taco Bell of Am., Inc.*, No. 8:10-cv-2383-T-33MAP, 2011 WL 3444261, at *2 (M.D. Fla. Aug. 8, 2011) (denying a finding of excusable neglect where the plaintiff did not move to correct the missed deadline for "nearly a month after the deadline had passed, and more than three weeks after Defendants' Motion put him on notice of his error"); *see also Seyboth v. Gen. Motors Corp.*, No. 8:07-cv-2292-T-27TBM, 2008 WL 1994912, at *1 (M.D. Fla. May 8, 2008) (denying a finding of excusable neglect where "Plaintiff provide[d] no explanation for the asserted 'calculation error,' which was fully in counsel's control" and "Plaintiff's motion for extension of time was filed almost one month after the deadline passed").

In addition, Plaintiff's failure to comply with three of the Court's deadlines, despite being granted repeated opportunities to do so, and her subsequent three-month delay in moving for relief from judgment, is all the more puzzling in light of the fact that she had previously participated in the proceedings before this Court, as evidenced by the parties' April 16, 2020 Joint Scheduling Report. *See* ECF No. [11]. The Court does not find excusable neglect where counsel's initial calendaring error spanned from mid-April until the end of July, despite numerous orders and filings on the docket in this case during that time.

> From th[e] moment [of removal] forward, it was incumbent upon Plaintiff's counsel to monitor this docket. Instead, Plaintiff's counsel was passive. . . . Unlike other cases of excusable neglect, this was not a one-time failure to calendar a deadline or to timely file a motion. *See, e.g.*, *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996). This was a complete and ongoing abdication of Plaintiff's attorneys' duties. An abdication that spanned two months and was not corrected until nearly a month after the Court dismissed the complaint. This neglect is not excusable . . . .

*Bynes v. Vilos Navigation Co.*, No. 18-cv-61840, 2018 WL 9372459, at *1 (S.D. Fla. Sept. 21,

2018).

"Based upon the totality of the circumstances, the Court finds that Plaintiff's failure to timely file a [response to Defendant's motion to dismiss] and failure thereafter to promptly remedy the oversight is not excusable neglect." *Wilcox*, 2011 WL 3444261, at \*2 (citing *Seyboth*, 2008 WL 1994912 at \*5). Therefore, Plaintiff's Motion is denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Relief from Judgment, **ECF No. [17]**, is **DENIED**. This case shall remain closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 18, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record